*251 ORDER (Remand Granting Preliminary Injunction)
TINA F. GOUTY-YELLOW, Associate Judge.
INTRODUCTION
On September 17, 2005, the Ho-Chunk Nation General Council enacted General Council Resolution “O” providing for the recall of plaintiff, Ona Garvin, from her office as a member of the Ho-Chunk Nation Legislature.[1] On September 17, 2005, the Ho-Chunk Nation General Council enacted General Council Resolution “N” pro *252 viding for the recall of plaintiff, Dallas Whitewing from his office as a member of the Ho-Chunk Nation Legislature. Both plaintiffs seek a Preliminary Injunction to enjoin the defendants from acting in furtherance of the General Council resolution(s). The Court grants the request for a Preliminary Injunction.
PROCEDURAL HISTORY
Plaintiff Ona Garvin filed her Complaint on October 14, 2005. Consequently, the Court issued a Summons accompanied by the above-mentioned pleading on October 17, 2005, and delivered the documents by personal service to the defendants’ governmental representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ).[2] Plaintiff, Dallas Whitewing filed his Complaint on October 21, 2005. Consequently, the Court issued a Summons on October 21, 2005, and delivered the documents by personal service to the governmental defendants’ representative, Ho-Chunk Nation DOJ. The Summons, in both actions, informed the defendants of the right to file an Ans'wer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the defendants that a Default Judgment could result from failure to file within the prescribed time period.
The defendants, by and through DOJ Attorney Michael P. Murphy, filed their Defendants’ Response to Plaintiffs Request for Declaratory Judgment and In-junctive Relief on October 24, 2005 in regards to the Ona Gan'in case.
The Court convened the Preliminary Injunction Hearing on October 24, 2005 at 1:30 P.M. CST. The Court issued the initial order Denying the Preliminary Injunction on November 2, 2005. Plaintiff, Dallas Whitewing through attorney Glenn C. Reynolds, filed an Appeal with the Ho-Chunk Supreme Court on November 8, 2005 with petitioner Ona Garvin through attorney Richard Monette filed a Notice of Appeal with the Supreme Court on November 10, 2005. The Supreme Court issued a Remand Decision on November 10, 2005 effectively staying the election scheduled for November 12, 2005 and requiring that the Trial Court conduct a Fact Finding Hearing on the disputed issues around the voting at General Council on the specific resolutions involved in these cases and enter written findings of fact no later than November 18, 2005.
The trial court held a Fact Finding Hearing on November 16, 2005. The following parties appeared: Dallas Whitew-ing did not personally appear, his attorney, Glenn C. Reynolds appeared telephonically; DOJ Attorney Michael P. Murphy, the Election Board defendants’ counsel along with Mary Ellen Dumas appeared in proper person and Ona Garvin personally appeared with her attorney, Richard Mon-ette. Prior to commencing the hearing the parties entered into the following stipulated facts:
1. That the Ho-Chunk General Council enacted General Council Procedures in 1997 that provide general procedures on how to conduct meetings. The procedures have never been disapproved or declared void.
2. The General Council Procedures as passed in 1997 were not followed in respect to specific areas reviewed by attorneys Murphy and Monette, i.e. that the General Council did not fol *253 low the procedure related to setting the agenda for the 2005 General Council, that a hand vote was not taken to approve individual items or the agenda itself and that the process of “seconding” motions was not consistently utilized.
3. That Mr. Kirkwood was not the official parliamentarian which is supported by the minutes and the transcripts.
4. That the record, as reflected in the minutes demonstrates that the heading of the resolution as passed against Ona Garvin, pg. 93, was not read into the record and that the record speaks for itself in reference to the numerous errors in naming specifics, i.e. what district she represents.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
ARTICLE III—ORGANIZATION OF THE GOVERNMENT
Section 1. Sovereignty. The Ho-Chunk Nation possesses inherent sovereign powers by virtue of self-government and democracy.
Section 2. Branches of Government. The government of the Ho-Chunk Nation shall be composed of four (4) branches: General Council, Legislature, Executive, and Judiciary.
Section 3. Separation of Functions. No branch of the government shall exercise the powers and functions delegated to another branch.
Section 4. Supremacy Clause. This Constitution shall be the supreme law over all territory and persons within the jurisdiction of the Ho-Chunk Nation,
ARTICLE IV—GENERAL COUNCIL
Section 1. Powers of the General Council. The People of the Ho-Chunk Nation hereby grant all inherent sovereign powers to the General Council. All eligible voters of the Ho-Chunk Nation are entitled to participate in General Council.
Section 2. Delegation of Authority.
The General Council hereby authorizes the legislative branch to make laws and appropriate funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Section 3. Powers Retained by the General Council.
a. The General Council retains the power to set policy for the Nation.
b. The General Council retains the power to review and reverse actions of the Legislature except those enumerated in Section 4 of this Article. The General Council shall return such reversals to the Legislature for reconsideration consistent with the action of the General Council. The General Council retains the power to review and reverse decisions of the Judiciary which interpret actions of the Legislature. The General Council does not retain the power to review and reverse decisions of the Judiciary which interpret this Constitution.
c. The General Council retains the power to propose amendments in accordance with Article XIII, including those which reverse decisions of the Judiciary interpreting this Constitution.
d. The General Council retains the power to establish its own proce *254 dures in 'accordance-with this Constitution. :
e. The General Council retains the power to call a Special Election.
f. Actions by the General Council shall be binding.
Section 4. Excepted Poivers: The General Council does not retain the power to review actions relating to the hiring or firing of personnel.
Section 5, Annual Meetings. The People shall meet in General Council at least one time each-year,: which shall be called by the President, and at other times as provided in Section 6 of this Article. Notice shall be provided by the President for all Annual Meetings of the General Council.
Section 6. Special Meetings. Special Meetings of the General Council shall be called by the President upon petition by twenty (20) percent of the eligible voters, or upon written request of a majority of the Legislature, or when deemed necessary by the President. Notice shall be provided by the President for all Special Meetings of the General Council.
Section 7. Procedures. Twenty (20) percent of the eligible voters of the Nation present in General Council shall constitute a quorum. Each action of the General Council shall require the presence of a quorum. The President shall call all Annual and Special General Council Meetings, except those meetings called pursuant to Article IX, Section 2. When a quorum is attained, the General Council shall elect either the President or another person to conduct the meeting. A secretary shall be appointed to record the minutes of all General Council meetings, including any votes taken. The secretary shall transmit the minutes of General Council meetings to the Legislature.
ARTICLE V—LEGISLATURE
Section 6. Perms of Office. Members of the Legislature shall serve four (4) year terms which shall be staggered. Legislators shall represent their respective Districts until their successors have been sworn into office except if the Legislator has been successfully removed or recalled in accordance with this Constitution. Members of the Legislature shall be elected by a majority vote of the eligible voters from their Districts.
ARTICLE VII—JCD1CIARY
Section 5. Jurisdiction of the Judiciary.
a. The Trial Court shall have original jurisdiction over all eases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such ease or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Section 6. Powers of the Tribal Court.
a. The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity inelud-ing injunctive and declaratory relief and all wilts including attachment and mandamus.
b. The Trial Court shall have the power to declare the laws of the Ho-Chunk Nation void if such laws are *255 not in agreement with this Constitution.
ARTICLE VIII—ELECTIONS
Section 2. Special Elections. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
ARTICLE IX—REMOVAL, RECALL AND VACANCIES
Section 1. General Council Removal of Legislators. The General Council may remove any member of the Legislature for malfeasance. No vote by the General Council to remove a member of the .Legislature shall take place before such Legislator has been given reasonable notice of the impending action and has had a reasonable opportunity to be heard. Section 5. Recall by General Council: The President, Legislators, and Members of the Judiciary shall be removable by recall vote at a Special Election requested by the General Council. At the request of the General Council, the Election Board shall hold a Special Election not less than thirty (30) days and not more than ninety (90) days from the date of the General Council request. If the Election Board fails to hold such Special Election within ninety (90) days, any eligible voter of the Nation may request the Tribal Court to order such Special Election. In any Special Election, no more than three (3) persons shall be subject to recall vote.
ARTICLE X—BILL OF RIGHTS
Section 1. Bill of Rights.
(a) The Ho-Chunk Nation, in exercising its powers of self-government, shall not:
(1) make or enforce any law prohibiting the free exercise of religion, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances;
(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without the due process of law;
(9) pass any bill of attainder or ex post facto law;
ARTICLE XII—SOVEREIGN IMMUNITY
Section 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials and employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit. Section 2. Suit Against Officials and Employees. Officials and employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights and duties established by this constitution or other applicable laws.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in writing except for those made at trial. Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court, record. Motions based on legal matters shall contain or: be supported by a legal memorandum, which states the issues *256 and legal basis relied on by the moving party. The Motions referenced within these rules shall not be considered exhaustive of the Motions available to litigants.
Rule 19. Filing and Responding to Motions.
(A) Filing. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. Motions for Extension of Time and More Definite Statement may be filed before the initial pleading.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of' the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
(C) Motions for Expedited Consideration. Any Motion which requires action within five (5) calendar days shall be accompanied by a Motion for Expedited Consideration. The Motion for Expedited Consideration shall state the reasons why the Accompanying Motion should be heard prior to the normal time period, and what efforts the party has made to resolve the issue with the opposing party prior to filing the Motion for Expedited Consideration.
Rule 20. Hearings on Motions.
The Court may grant a hearing on a Motion at its- own discretion or at the request of a party. A party requesting a hearing must (a) ’ schedule the hearing with the Court and -(b) deliver or mail notice of the hearing to other parties at least five (5) calendar days prior to the hearing. If the trial is scheduled to begin within the time allowed for a hearing, all responses shall be made by the time scheduled for commencement of the trial. Motions made within fourteen (14) calendar days of trial may be dismissed and costs and fees assessed against the moving party if the Court finds no good cause exists for failing to file the Motion more than fourteen (14) calendar days in advance of the trial.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal eiTor which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a *257 party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Am,end or a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a Court record, including the Judgment or Order, may be corrected by the Court at any time.
(C) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (I) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has: been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 60. Emergency Order, Temporary Restraining Order and Ex parte Temporary Restraining Order.
(A) Emergency Order. The Court may enter an Emergency Order without a hearing if it appears from the Complaint, affidavits and sworn testimony that irreparable harm will result without the Order. The Order will expire in thirty (30) calendar days unless extended by the Court for good cause. A hearing on the matters contained in the Order will be held prior to its expiration. The removal of a child from its residence by the Department of Social Services or equivalent agency and the imminent destruction of records or property essential to the case are examples of *258 matters which may require an Emergency Order.
(B) Temporary Restraining Order. When it appears from a party’s pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure the party, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the. judgment ineffectual, a temporary injunction may be granted to restrain such act.
(C) Procedure. The application for an injunction or restraining order made to the Court shall not be heard except upon notice to such other persons as may be defendants in the action unless the Court is of the opinion that irreparable loss or damage will result to the applicant unless a temporary restraining order is granted.
(D) Time. The Court may grant such temporary restraining order at any time before a hearing and determination of the application for an interlocutory injunction. However, such temporary restraining order shall be effective only for thirty (30) calendar days unless extended after notice and hearing thereon, or upon written consent of the parties or their attorneys.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal., All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
Rule 69. Who Is Bound by Judgment.
All parties and interested persons who are within the jurisdiction of the Court and who had notice of the case pending before the Court are bound by the judgment whether or not they appeared.
FINDINGS OF FACT
1. The Annual 2005 Ho-Chunk General Council (hereinafter referred to as HCGC) meeting was held on Saturday, September 17, 2005 at the La Crosse Center in La Crosse, Wisconsin.
2. The HCGC does not have written procedures that provide guidelines or mandated procedures for the processing, review and record keeping of resolutions which include initial filing, timelines, submission to the HCGC meeting through submission to the Ho-Chunk Legislature and/or Election Board.
3. That Resolution “O” and Resolution “N” were submitted by Timothy Whiteagle to Marilyn Costello on September 9, 2005.
4. That both resolutions contained the language which mandated a Tribal—wide recall election in their original form.
5. That resolution “O” as submitted to Marilyn Costello, contained the following errors: one cross out of the name Dallas Whitewing with Ona Garvin hand written in above it and a demand to recall her from “District III” when she in fact is a District IV representative.
6. A quorum was present at all relevant times during the General Council meeting.
7. The General Council passed Resolution(s) “N” and “O” by a majority vote.
S. General Council Resolution “N” provided for the recall of,. “HCN legislator *259 Dallas Whitewing from the HCN (sic) legislature” ... and Passage of this Resolution mandates a Tribal—wide recall election for Dallas Whitewing to provide the Nation with the means to replace him with an appropriate representative as per the Ho-Chunk Nation Constitution.
9. HGC Resolution “0” provided for the recall of, “HCN legislator Ona Garvin from the HCN (sic) legislature” ... and Passage of this Resolution mandate a Tribal—wide recall election for Ona White Wing Garvin to provide the Nation with the means to replace her with an appropriate representative as per the Ho-Chunk Constitution.
10. That both HCGC Resolution (s) “N” and “0” were certified by the General Council Secretary as dated on September 17, 2005 and received by the Ho-Chunk Nation Legislative office on September 19, 2005 and that the named resolutions were then forwarded to the appropriate departments including the Election Board.
11. The plaintiff and the defendants agree that of the four (4) prongs in the test for the issuance of an injunction, i.e., 1) that there is a reasonable likelihood that the plaintiff will prevail on the merits, 2) whether there is an adequate remedy at law for the plaintiff, 3) that the threatened harm to the plaintiff outweighs the harm of the injunction and 4) will the injunction serve the public interest; that the only contested issue before the Court is the first prong—is there a reasonable likelihood that the plaintiff will prevail on the merits.
12. The plaintiff, Ona Garvin, was elected to the Ho-Chunk Legislature in July of 2005.
13. The plaintiff, Dallas Whitewing, was elected to the Ho-Chunk Legislature in 1995,1999, and 2003.
14. That the Ho-Chunk Nation Election Board has never received a recall request from the HGN prior to this instance.
15. A Special Election to replace the plaintiffs) as members of the Ho-Chunk Nation Legislature was scheduled for November 12, 2005.
DECISION
Shortly after its formation, the Court adopted a four-part test for the purpose of evaluating requests for preliminary injunctions. Joyce Warner et al. v, HCN Election Bd., CV 95-03-06, -09-10 (HCN Tr. Ct., July 3, 1995) at 4 (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d 211, 214-15 (7th Cir. 1993)). The Ho-Chunk Nation Supreme Court later sanctioned the use of the incorporated federal standard. Coalition for a Fair Gov’t II v. Clitoris A. Lowe, Jr. et al., SU 96-02 (HCN S.Ct., July 1, 1996) at 7 (quoting Tracy Thundercloud v. HCN Election Bd., CV 95-16 (HCN Tr. Ct., Aug. 28, 1995) at 3); see also Anna Rae Funmaker v. Kathryn Doombos et al., SU 96-12 (HCN S.Ct., Mar. 25, 1997) at 2-3. Consequently, the Court must deny a request for a preliminary injunction when a plaintiff neglects to articulate the standard and/or allege facts capable of satisfying the four-part test. HCN Election Bd. et al. v. Aurelia Lera Hopinkah, SU 98-08 (HCN S.Ct., Apr. 7, 1999) at 8-9; see also HCN R. Civ. P. 18, 60(B). Herein the parties agreed and stipulated that of the four prongs of this test, the only contested issue between the parties before the Court was the question of whether the plaintiff could establish by a reasonable likelihood that he or she would prevail at trial. The Court will apply that four part standard in the instant case.
*260 I. Does the Plaintiff Have a Reasonable Likelihood of Success?
 The answer to tin's question depends primarily on the plain language of the constitutional provision in question. This is a case of first impression. The notice and opportunity to be heard does not attach in the same manner to recall cases as they do in removal cases. As this Court and the Ho-Chunk Supreme Court have held on prior occasions, the removal provisions of the Ho-Chunk Constitution are substantially different than the recall provisions of said document. In Coalition for Fair Gov’t. II v. Chloris Lowe, Jr., et al., CV 90-22 (HCN Tr. Ct., Jul. 23, 1996) the Court compared the requirements of Due Process in removal cases, finding that there were no such requirement in recall cases by stating “[e]ertainly the HCN Constitution also allows the General Council to have Legislators removed for no reason, but this is under the recall provision of the HCN Constitution, Art. IX, Sec. 5.” Id at 19. (emphasis added). Additionally the Court later distinguished the rights attached to a Recall as:
[i]n a recall case little or no reason need be given for the recall election. Removal is distinct from recall. Both methods are a means to have an individual taken out of office ... Elected officials are given greater protections under the removal section than under the recall section of the HCN Constitution. That is because a recall vote is akin to a vote of confidence where the elector need have no clearly articulaba! reason for voting against an elected official than' when they were first, elected.
The HCN CONSTITUTION, Section 6, as quoted above, does not require“reasonable notice” and a “reasonable opportunity to be heard” in recall cases as it does in removal cases. The parties agree that no notice was provided to the plaintiffs) in advance of the meeting and additionally, that the plaintiffs were not present and were not able to respond at the General Council meeting to the request for recall. However, it does not follow that the plaintiffs are not entitled to any due process protections in the absence of specific language mandating specific procedures.
The issue before the court, as further defined at the fact finding hearing, is what duty/ responsibility does government have in a case such as the one presented? The duty to ensure that resolutions are accurate and legally correct is one such responsibility. The resolutions submitted in this case were not accurate and raise significant questions regarding the Ho-Chunk Constitution. The lack of procedures and consistent processes to ensure proper acceptance, review, tracking and processing of resolutions does not reflect positively to the defendant and diminishes and may negate their actions.
A second, more weighty issue, further defined and presented in the fact finding hearing, pertains to separation of powers, as defined in the HCN CONSTITUTION ART. III. § 3 which provide that one branch of government cannot “exercise” the powers of another branch and how that article interacts with ART. V. § 6. which mandates that districts’ elect their own legislative representatives. This issue is placed squarely on the back drop of governmental responsibility. Herein, a member of the Ho-Chunk Nation submitted a resolution, that was presented at the 2005 HCGC meeting, that contained language that mandated a Tribal—wide recall election. This action creates a conflict in which one branch of government, i.e. the HCGC is exercising the power of another branch of government by mandating an action that is in conflict with another article of the same Constitution. These issues *261 weigh in favor of the plaintiffs reasonable likelihood of success on the merits.
II. Is There an Adequate Remedy at Law?
The Court must determine if the plaintiffs can reasonably be compensated by money damages. If so, then they have an adequate remedy at law and the injunction must be denied. Money damages cannot compensate the plaintiff. The harm that the plaintiffs seek to prevent is the intangible harm that would result from the recall election of an elected official. In addition, under the laws of the Ho-Chunk Nation, no monetary relief can be obtained from the General Council. The Court finds the plaintiff has no adequate remedy at law.
III. Does the Threatened Harm to the Plaintiff Outweigh the Harm of Issuing the Injunction?
The plaintiffs seek to prevent their alleged wrongful recall as members of the Ho-Chunk Nation Legislature. If a Preliminary Injunction is granted, the plaintiffs will be allowed to serve as legislators until further determinations in this proceeding. The implementation of the General Council action will be delayed. If the Court does not grant the Preliminary Injunction, a Special Election will take place in which the plaintiffs could face recall from voters who did not elect them, i.e. voters outside of their districts. This harm does outweigh the harm of granting the Injunction.
IV. Does Issuing the Injunction Serve the Public Interest?
An injunction is a temporary measure to allow the parties to fully present the facts and arguments necessary for a complete resolution of the controversy. If the requested injunction is not granted, the Special Election would take place and there would be the possibility that the plaintiffs could be recalled. If it is not granted the weighty constitutional questions will not be resolved and a practice could ensue that would in fact violate the Ho-Chunk Constitution.
The Ho-Chunk General Council is one of the four (4) branches of government created by the Ho-Chunk Nation in the Constitution. A good description of the General Council is provided by the Nation on their Website:
The General Council of the Ho-Chunk Nation consists of all of the eligible voters of the Ho-Chunk Nation. At least once per year the General Council is called to convene by the President, and may convene additionally when called by written request of the Legislature, or by the President, either when deemed necessary or as a result of petition from one-fifth of the eligible voters.
The General Council, through the Ho-Chunk Constitution, has delegated the authority to legislate, govern, and interpret law to the other branches of the government. The General Council is itself a branch of the Ho-Ghunk Government and has the ability to, reverse decision of the other branches and retains the power to set policy for the Nation— limited only by the ability to review actions relating to the hiring and firing of personal.
Of the four (4) branches of government, as created by the Constitution, the General Council appears to be a traditional form of government. It appears to most closely create a system of government- that not only empowers individual tribal members but also provides a mechanism for said members to facilitate change and set policy for the other three (8) branches of government.
*262 The plaintiffs have argued that while the recall provisions do not provide for a specific procedure to provide them due process rights, as do the removal pro* visions, nonetheless, due process in imputed and must be provided to the petitioners. Due process is a procedure that is inherently foreign to native nations. It is a procedure that was created by western civilization and has been imposed on native nations. The Ho-Chunk Nation has created four (4) branches of government, three of which are western in origin, one of which is traditional. To impose the same due process procedures as stated in the removal area to the recall area would not be proper. However, due process is more than then (10) days notice, personal service and an opportunity to be beard at a meeting. Due process includes and is contrasted with the responsibilities and duties of government. While the Court must treat the actions of the General Council with great deference, the interest of the public in resolving the Constitutional conflict and in properly voting for their representatives serves their interest well. The Court finds that issuing the injunction does serve the public interest.
IT IS THEREFORE ORDERED that the injunction is granted.
RIGHTS OF THE PARTIES
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure 1 hereinafter HCN R.App. P.], specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P]." HCN R. Civ. P. 61.

. The alpha designation, "N” and "O" are the chronological alpha assigned to the resolution as il appears in the September 17, 2005 edition of the Hocak Worak.

. 'The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve, the Complaint upon the DOJ when the plaintiff'petitioner names as a party either a unit of government or enterprise or an official or employee being sued in their official or individual capacity. HCN R. Civ. P. 27(B).